**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| COSURAC CONTRACTORS, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>CORE DEVELOPMENT GROUP, LLC, DEVELOPERS SURETY AND INDEMNITY COMPANY, ABC CORPORATIONS 1-10 and JOHN DOES 1-10,<br><br>Defendants. | Civil Action No.: 7:26-cv-01394 |

**ANSWER OF DEFENDANTS CORE DEVELOPMENT GROUP, LLC, DEVELOPERS SURETY AND INDEMNITY COMPANY TO PLAINTIFF COSURAC CONTRACTORS, LLC'S FIRST AMENDED COMPLAINT**

Defendants Core Development Group, LLC ("Core Development") and Developers Surety and Indemnity Group ("Developers Surety" and, with Core Development, the "Defendants"), by and through its attorneys, responds to the numbered paragraphs of plaintiff Cosurac Contractors, LLC's ("Plaintiff") Amended Complaint, dated April 8, 2026 ("Amended Complaint"), as follows.

**PARTIES**

1. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

2. Admitted to the extent it alleges that Core Development is a New Jersey Limited Liability Company.

3. Admitted to the extent it alleges that Developers Surety is a California corporation.

4. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

5. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**JURISDICTION AND VENUE**

6. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

7. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

8. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

9. Defendants admit the allegations contained in this paragraph and submit that the Lien was and is unlawful.

10. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

11. Defendants admit the allegations in this paragraph.

12. The allegations contained in this paragraph set forth legal conclusions to which no response is required.

13. The allegations contained in this paragraph set forth legal conclusions to which no response is required.

14. Defendants admit only that this is what Plaintiff alleges, but deny that Defendants owe Plaintiff any monies and deny that there is any basis for liability.

15. The allegations contained in this paragraph set forth legal conclusions to which no response is required.

16. The allegations contained in this paragraph set forth legal conclusions to which no response is required.

17. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

18. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**FACTUAL ALLEGATIONS**

19. Admitted only to the extent it alleges that the parties entered into the Master Subcontract Agreement (the "MSA"). Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

20. Admitted only to the extent it alleges that Core Development and Plaintiff entered into the Work Order Addendum (the "WOA"), the terms of which are set forth therein. The remaining allegations contained in this paragraph set forth legal conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

21. Admitted only to the extent it alleges that the Work Order Addendum set the contract price as $1,158,830.00, but denied as to the remaining allegations contained in this paragraph and that Plaintiff is entitled to the entire contract price.

22. Defendants deny the allegations contained in this paragraph.

23. Defendants deny the allegations contained in this paragraph.

24. Defendants deny the allegations contained in this paragraph.

25. Admitted only that this invoice was remitted and paid by Core Development, but denied as to the remaining allegations contained in this paragraph.

26. Admitted only that Plaintiff informed Core Development of this inspection, but denied as to the remaining allegations in this paragraph and that work could not continue until this inspection was completed.

27. Defendants deny the allegations contained in this paragraph.

28. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

29. Defendants deny the allegations contained in this paragraph.

30. Defendants deny the allegations contained in this paragraph.

31. Admitted only that Core Development issued a notice of delay to Plaintiff, but denied as to the remaining allegations contained in this paragraph.

32. Defendants deny the allegations contained in this paragraph.

33. Admitted only that a geotechnical inspection had not occurred by August 1, 2025, but denied as to the remaining allegations and characterizations and implications thereof, that Core Development was the cause thereof, and that Core Development is liable therefor or as a result thereof.

34. Admitted only that Core Development issued to Plaintiff the Notice of Termination, which terms are set forth therein, but denied as to the remaining allegations and characterizations and implications thereof.

35. Defendants deny the allegations contained in this paragraph.

36. Defendants deny the allegations contained in this paragraph.

37. Defendants deny the allegations contained in this paragraph.

38. Defendants deny the allegations contained in this paragraph.

39. Defendants deny the allegations contained in this paragraph.

40. Defendants deny the allegations contained in this paragraph.

41. Defendants deny the allegations contained in this paragraph.

42. The allegations contained in this paragraph set forth legal conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

43. Defendants deny the allegations contained in this paragraph.

44. Defendants deny the allegations contained in this paragraph.

45. Defendants deny the allegations contained in this paragraph.

46. Defendants deny the allegations contained in this paragraph.

47. Admitted only that Core Development asserted it was owed monies for defective work, but denied as to the remaining allegations in this paragraph.

48. Defendants deny the allegations contained in this paragraph.

49. Defendants deny the allegations contained in this paragraph.

50. Defendants deny the allegations contained in this paragraph.

51. Admitted only that Plaintiff accepted Core Development's payment of $72,619.17, but denied as to the remaining allegations contained in this paragraph.

52. Admitted only that Plaintiff filed and recorded the Lien, but denied as to the remaining allegations contained in this paragraph and that the Lien was and is lawful.

53. Admitted only that this is the amount listed on the Lien, but denied as to the remaining allegations, the characterizations and implications thereof, and that this amount "represent[s] the balance due and owing to" Plaintiff.

54. The allegations contained in this paragraph set forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in this paragraph.

55. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

56. Admit the allegations contained in this paragraph and submit that the filing and recording of the Lien was and is unlawful.

57. Admitted only that a Release of Lien Bond was recorded. The remaining allegations contained in this paragraph set forth legal conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

**FIRST CAUSE OF ACTION**
**FORECLOSURE OF MECHANICS LIEN AGAINST BOND**

58. Defendants repeat and re-allege all prior responses as if fully set forth herein.

59. Admitted only that a Release of Lien Bond was recorded, but denied as to the remaining allegations, the characterizations and implications thereof, and that the lien as "valid and subsisting."

60. Admitted only that a Release of Lien Bond was recorded and the Lien was discharged from the property. The remaining allegations contained in this paragraph set forth legal conclusions to which no response is required. To the extent a response is required, Defendants lack

knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

61. Defendants deny the allegations contained in this paragraph.

62. Defendants deny the allegations contained in this paragraph.

63. The allegations contained in this paragraph set forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in this paragraph.

WHEREFORE, Defendants demand judgment dismissing the Amended Complaint with prejudice, together with an award of counsel fees, costs of suit and such other relief as the Court deems just and appropriate.

**SECOND CAUSE OF ACTION – BREACH OF CONTRACT**

64. Defendants repeat and re-allege all prior responses as if fully set forth herein.

65. The allegations contained in this paragraph set forth legal conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

66. Defendants deny the allegations contained in this paragraph.

67. Defendants deny the allegations contained in this paragraph.

68. Defendants deny the allegations contained in this paragraph.

WHEREFORE, Defendants demand judgment dismissing the Amended Complaint with prejudice, together with an award of counsel fees, costs of suit and such other relief as the Court deems just and appropriate.

## THIRD CAUSE OF ACTION – QUANTUM MERUIT (IN THE ALTERNATIVE)

69. Defendants repeat and re-allege all prior responses as if fully set forth herein.

70. Defendants deny the allegations contained in this paragraph.

71. Defendants deny the allegations contained in this paragraph.

72. Defendants deny the allegations contained in this paragraph as alleged against Core Development. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

73. Defendants deny the allegations contained in this paragraph.

74. Defendants deny the allegations contained in this paragraph.

## FOURTH CAUSE OF ACTION – ACCOUNT STATED

75. Defendants repeat and re-allege all prior responses as if fully set forth herein.

76. Defendants deny the allegations contained in this paragraph.

77. Defendants deny the allegations contained in this paragraph.

78. Defendants deny the allegations contained in this paragraph.

79. Defendants deny the allegations contained in this paragraph.

WHEREFORE, Defendants demand judgment dismissing the Amended Complaint with prejudice, together with an award of counsel fees, costs of suit and such other relief as the Court deems just and appropriate.

## FIFTH CAUSE OF ACTION – BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

80. Defendants repeat and re-allege all prior responses as if fully set forth herein.

81. Defendants deny the allegations contained in this paragraph.

82. Defendants deny the allegations contained in this paragraph.

83. Defendants deny the allegations contained in this paragraph.

WHEREFORE, Defendants demand judgment dismissing the Amended Complaint with prejudice, together with an award of counsel fees, costs of suit and such other relief as the Court deems just and appropriate.

**SIXTH CAUSE OF ACTION – VIOLATION OF NEW YORK PROMPT PAYMENT ACT**

84. Defendants repeat and re-allege all prior responses as if fully set forth herein.

85. Admitted only that Core Development and Plaintiff entered into the MSA and WOA, the terms of which are provided for therein, but denied as to the remaining allegations and characterizations and implications thereof.

86. Defendants deny the allegations contained in this paragraph.

87. The allegations contained in this paragraph set forth legal conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

88. Defendants deny the allegations contained in this paragraph.

89. Defendants deny the allegations contained in this paragraph

90. Defendants deny the allegations contained in this paragraph

91. Defendants deny the allegations contained in this paragraph.

92. Defendants deny the allegations contained in this paragraph

WHEREFORE, Defendants demand judgment dismissing the Amended Complaint with prejudice, together with an award of counsel fees, costs of suit and such other relief as the Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Amended Complaint must be dismissed for failure or lack of service of process.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by its own acts or omissions, negligence, comparative negligence, and/or contributory negligence.

### FOURTH AFFIRMATIVE DEFENSE

Any damages recovered in this action must be reduced in accordance with Plaintiff's comparative fault and/or contributory negligence.

### FIFTH AFFIRMATIVE DEFENSE

Damages, if any, sustained by Plaintiff were the result of acts and/or omissions of third parties who were not under the direction, control and/or supervision of Defendants, and for which Defendants are not responsible.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has no right to recover, or a verdict should be reduced by, the value of any benefits received by Plaintiff, paid on Plaintiff's behalf, or available to Plaintiff from any collateral source.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's alleged damages were the result of intervening or superseding events, factors, occurrences or conditions, which were not caused by Defendants and for which Defendants are not responsible.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims against Defendants are barred because any loss suffered by Plaintiff is not as a result of any action or inaction on the part of Defendants.

**NINTH AFFIRMATIVE DEFENSE**

Defendants did not owe or breach any duty or obligation of any kind whether arising from statute, contract, tort, common law or otherwise, that caused or contributed to Plaintiff's alleged damages.

**TENTH AFFIRMATIVE DEFENSE**

Defendants fulfilled, performed, and complied with all their duties, whether arising from statute, contract, tort, common law or otherwise.

**ELEVENTH AFFIRMATIVE DEFENSE**

At all times relevant hereto, Defendants acted in accordance with applicable law, codes, regulations, and/or standards.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the applicable Statute of Limitations and/or statute of repose.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrines of unclean hands, waiver, laches and/or estoppel.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrines of release and/or waiver.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by its or other parties' failure to mitigate damages.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff is not registered to do business in New York and, thus, is not authorized to maintain this action under N.Y. LLC Law § 808 and N.Y. B.C.L. § 1312.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's lien is facially invalid as it fails to comply with N.Y. Lien Law §§ 1 et seq.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

The lien is facially deficient as it fails to provide a proper itemized statement setting forth items of labor and/or material and the value thereof as required under the N.Y. Lien Law § 38.

**NINTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's lien is invalid as it contains impermissible services, materials and costs in violation of N.Y. Lien Law §§ 1 et seq.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiff's lien is invalid for failure to file a Notice of Pendency with the New York Comptroller and/or Financial Officer of Core Development, or otherwise seek an extension, in violation of N.Y. Lien Law § 18.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiff's lien willfully exaggerates the amount for which it claims it is entitled in violation of N.Y. Lien Law §§ 39, 39-a.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiff's lien exceeds the amount owed by the Property Owner to Core Development and, thus, is rendered invalid.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Service of the lien was ineffective and/or improper.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's lien was waived either in part or in whole.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiff is not registered to do business in New York and, thus, cannot foreclose upon the lien.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Plaintiff failed to meet the conditions precedent in the parties' Contract and/or failure to otherwise comply with contractual terms/requirements.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff materially breached, or otherwise breached, the terms of the parties' contract.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and/or damages are barred, in whole or in part, by the terms of the parties' agreement to which Plaintiff agreed.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

Core Development complied with all required contractual provisions for both cause and convenience in terminating Plaintiff.

**THIRTIETH AFFIRMATIVE DEFENSE**

Plaintiff seeks recovery for items of work it failed to perform and is not entitled to recover for any contractually required work it failed to perform.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiff billed, invoiced, or otherwise charged Core Development for materials that Plaintiff did not use.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiff allegedly performed work which, either in part or in whole, was not assented to, agreed to, or otherwise approved by Core Development

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiff failed to perform work as required by the parties' contractual agreement, project plans and/or specification, and industry standards, and any work performed was poor workmanship and defective.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiff failed to complete any work or substantially perform as Plaintiff only rendered partially completed work which Core Development then had to retain other contractors to complete.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

Core Development paid all monies due to Plaintiff for work actually performed.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's action is barred by the doctrine of accord and satisfaction as Core Development rendered final payment to Plaintiff for all work performed and Plaintiff accepted this payment.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

Defendants complied with all obligations and requirements under the N.Y. Prompt Payment Act, N.Y. Gen. Bus. Law art. 35-E.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the Economic Loss Doctrine and/or the parties' governing contract.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

Defendants at all times acted in good faith.

**FORTIETH AFFIRMATIVE DEFENSE**

Plaintiff's claims are subject to setoff and/or recoupment on the grounds asserted in Defendants' Counterclaims asserted in this action, the factual allegations of which are incorporated herein as if set forth at length.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the Statute of Frauds.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff was not properly licensed and/or authorized to perform the work for which recovery is sought.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, reduced, and/or subject to offset, recoupment, and back charge based upon Plaintiff's defective, deficient, delayed, incomplete, and nonconforming work, including the costs incurred by Defendants in remediating and completing Plaintiff's work.

**FORTY-THIRD AFFIRMATIVE DEFENSE**

Defendants incorporate by reference, as if same were set forth at length herein, all other defenses that will be asserted by any other party to this action to the extent that such defenses are applicable to Defendants, except those which may contain allegations of liability against defendants.

**FORTY-FOURTH AFFIRMATIVE DEFENSE**

Defendants reserve their right to amend their pleading to assert such additional defenses as may arise during the continued course of discovery in this matter.

WHEREFORE, Defendants demand judgment dismissing the Amended Complaint with prejudice, together with an award of counsel fees, costs of suit and such other relief as the Court deems just and appropriate.

Dated: May 29, 2026

RIKER DANZIG LLP
Attorneys for Core Development Group, LLC and Developers Surety and Indemnity Group

By: *<u>/s/ Derrick R. Freijomil</u>*
Derrick R. Freijomil, Esq.
Tod S. Chasin, Esq.
489 5th Ave, 33rd Floor
New York, NY 10017
Phone: (973) 538-0800
Fax: (973) 538-1984
dfreijomil@riker.com
tchasin@riker.com

**CROSS-CLAIMS AND COUNTERCLAIMS FOR CONTRIBUTION AND INDEMNIFICATION**

Without admitting any liability whatsoever, Defendants hereby demand from any/all other defendants and intervenors, currently named or to be named to this action, both contribution and indemnification pursuant to any and all applicable provisions of common law, contract and/or statute and/or, by way of demand for complete indemnification against all other defendants and intervenors, currently named or to be named in action, assert that any negligence on the part of Defendants is only secondary, vicarious, and imputed, whereas the negligence of any/all such other defendants is primary, direct and active.

**ANSWER TO ALL CROSSCLAIMS**

Defendants, by way of Answer to any and all Crossclaims filed or to be filed says:

Defendants deny any and all allegations contained in any Crossclaim filed or to be filed in this matter. Defendants deny that any co-defendants and intervenors are entitled to contribution and/or indemnification and holds co-defendants and intervenors to their proofs.

Dated: May 29, 2026

RIKER DANZIG LLP
Attorneys for Core Development Group, LLC and Developers Surety and Indemnity Group

By: *<u>/s/ Derrick R. Freijomil</u>*
Derrick R. Freijomil, Esq.
Tod S. Chasin, Esq.
489 5th Ave, 33rd Floor
New York, NY 10017
Phone: (973) 538-0800
Fax: (973) 538-1984
dfreijomil@riker.com
tchasin@riker.com

**DEFENDANTS'/COUNTERCLAIM-PLAINTIFFS' CORE DEVELOPMENT GROUP, LLC AND DEVELOPERS SURETY AND INDEMNITY COMPANY'S COUNTERCLAIM**

Defendants/counterclaim-plaintiffs Core Development Group, LLC ("Core Development") and Developers Surety and Indemnity Group ("Developers Surety" and, with Core Development, the "Defendants") by way of counterclaim against plaintiff/counterclaim-defendant Cosurac Contractors, LLC ("Plaintiff"), alleges and says:

**THE PARTIES**

1. Core Development is a New Jersey Limited Liability Company authorized to do business in New York with a principal place of business at 860 Wycoff Avenue, Suite 200, Mahwah, New Jersey 07430.

2. Developers Surety is a California corporation authorized to do business as a surety in the State of New York with a principal place of business at 17771 Cowan, Suite 100, Irvine California 92614.

3. Plaintiff is a Pennsylvania Limited Liability Company with its principal place of business at 3890 Skippack Pike, Skippack, Pennsylvania 19474.

**JURISDICTION AND VENUE**

4. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because Defendants and Plaintiff are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper in this judicial district, pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claim occurred in Orange County, New York which is located in the Southern District of New York.

## FACTUAL BACKGROUND

6. On or around June 13, 2025, Core Development and Plaintiff entered into the Master Subcontract Agreement (the "MSA") wherein Plaintiff would provide services for the Project pursuant to the terms thereof.

7. On or around June 25, 2025, Core Development and Plaintiff entered into a Work Order Addendum (the "WOA") which itemized and detailed the work Plaintiff would provide for the Project.

8. Furthermore, the WOA set forth Milestone completion dates that Plaintiff's would complete its work, from June 16, 2025, to September 1, 2025, as follows:

| Milestone | Duration (56 days) | Expected Start Date | Expected Finish Date |
|---|---|---|---|
| Civil Mobilization | 1 day | 06/16/2025 | 06/16/2025 |
| E&S Controls | 3 days | 06/17/2025 | 06/19/2025 |
| Sitework | 5 days | 06/20/2025 | 06/26/2025 |
| Stormwater | 3 days | 06/27/2025 | 07/01/2025 |
| Roads | 5 days | 07/02/2025 | 07/08/2025 |
| Perimeter Fence and Gates | 5 days | 07/02/2025 | 07/08/2025 |
| Concrete work | 5 days | 07/09/2025 | 07/15/2025 |
| Landscaping | 21 days | 07/16/2025 | 08/13/2025 |
| Restoration | 5 days | 08/14/2025 | 08/20/2025 |
| General conditions | 5 days | 08/21/2025 | 08/27/2025 |
| Civil Demobilization | 3 days | 08/28/2025 | 09/01/2025 |

9. Throughout the course of the Project, Plaintiff's work, through no fault of Core Development, was delayed, deficient, defective, and required Core Development to retain replacement contractor(s) to remediate and complete Plaintiff's defective work.

10. By way of example and not limitation, the WOA required Plaintiff to install soil erosion controls and stormwater pollution prevention measures.

11. Plaintiff failed to perform and/or deficiently performed this work requiring the remediation of this work.

12. Plaintiff failed to complete all work it began.

13. The work Plaintiff performed was delayed, deficient, defective, and required remediation and redoing, causing Core Development to incur damages.

14. The aforementioned work completed by Plaintiff, excluding offsets and damages caused and owed to Core Development, is valued at approximately $212,096.27, which amount was paid by Core Development to Plaintiff, subject to such offsets for damages incurred by Core Development, including in remediating Plaintiff's work.

15. Further, Plaintiff, through no fault of Core Development, delayed the Project on several occasions.

16. The MSA and WOA provided for Plaintiff to complete its work by September 2025, prior to the winter months.

17. Due to Plaintiff's delays, through no fault of Core Development, work on the project was delayed into the winter months, causing Core Development to incur further costs, including those related to maintenance and repairs not contemplated by the MSA and WOA.

18. The WOA also required Plaintiff to furnish and install a permanent access road to the property.

19. Plaintiff only completed a portion of the access road, and the portion it completed was deficient requiring remediation from a replacement contractor.

20. Plaintiff also consistently delayed the Project with insufficient and self-serving explanations.

21. On or around August 4, 2025, due to Plaintiff's delayed and defective work and other violations and breaches, in compliance with the MSA, Core Development terminated Plaintiff for cause.

22. Core Development was also permitted to terminate Plaintiff for convenience pursuant to the MSA.

23. Due to Plaintiff's defective workmanship, delays, and other violations and breaches, Core Development has incurred the costs and damages, including those related to retaining a replacement contractor to remediate Plaintiff's work and complete the work Plaintiff failed to complete in accordance with the MSA and WOA.

24. As a result of Plaintiff's defective work and improper actions, Core Development has incurred and will continue to incur costs and damages, including those at least in the amounts of approximately $154,000 for soil erosion control and stormwater prevention controls (which include repairing and remediating Plaintiff's work), $15,000 for repair and maintenance overage due to Plaintiff's delays and causing the project to be subject to Winter conditions, and $95,000 for completing and constructing roads (which includes repairing and remediating Plaintiff's work).

25. Plaintiff's defective and improper work and actions further caused Core Development to incur costs and expenses in retaining a replacement contractor to complete the work unfinished by Plaintiff.

26. Core Development would not have incurred these costs if not for Plaintiff's defective and improper work, and failure to perform in accordance with the MSA and WOA.

27. In addition, on or around March 9, 2026, one of Plaintiff's subcontractors arrived at the Property attempting to contact Plaintiff and informing Core Development that Plaintiff had failed to pay the subcontractor, which is a separate and independent breach of Plaintiff's duties and obligations owed to Core Development.

## COUNT I
## Breach of Contract

28. Defendants repeat and re-allege all prior allegations as if fully set forth herein.

29. At all relevant times, the MSA and WOA constituted valid and enforceable agreements, pursuant to which Plaintiff undertook certain contractual obligations.

30. Core Development duly performed all material obligations required of it under the MSA and WOA.

31. Plaintiff breached and/or materially breached the MSA and WOA by, among other things:

a. Providing deficient, defective, and insufficient work and failing to complete its work in accordance with the required work schedule in violation of, among other things, Addendum One to the MSA, specifically, Section 4, Subsection C and Section 5;

b. Failing to pay its subcontractors in violation of, among other things, Addendum One, Section 7, to the MSA;

c. Failing to timely correspond and cooperate with Core Development in violation of, among other things, Addendum One, Section 4, Subsection H to the MSA;

d. Failing to adhere to Core Development's work schedule and modifications thereto in violation of, among other things, Addendum One, Section 10 to the MSA.

32. Plaintiff's breaches were material and deprived Core Development of the benefit of its bargain under the MSA and WOA.

33. As a direct and proximate result of Plaintiff's breaches, Defendants suffered damages in an amount to be determined at trial, together with interest, costs, and such other relief as the Court deems just and proper.

**COUNT II**
**Breach of the Implied Covenant of Good Faith and Fair Dealing**

34. Defendants repeat and re-allege all prior allegations as if fully set forth herein.

35. Under New York law, implicit in every contract is a covenant of good faith and fair dealing.

36. The MSA and WOA imposed upon Plaintiff a duty to act in good faith and to deal fairly with Core Development in the performance and enforcement of the MSA and WOA.

37. Core Development performed all material obligations required of it under the MSA and WOA.

38. Plaintiff breached the implied covenant of good faith and fair dealing by engaging in conduct that deprived Core Development of the benefits of the parties' bargain by, among other things:

a. Providing defective work, failing to provide contractually required work, and causing Core Development to retain replacement contractor(s) to remediate and complete Plaintiff's work.

b. Failing to pay its subcontractors;

c. Failing to timely correspond with and cooperate with Core Development;

d. Failing to adhere to Core Development's work schedule and modifications thereto.

39. Plaintiff's conduct was undertaken in bad faith and contrary to Core Development's justified expectations under the MSA and WOA.

40. As a direct and proximate result of Plaintiff's breaches of the implied covenant of good faith and fair dealing, Defendants have suffered damages in an amount to be determined at trial, together with interest, costs, and such other relief as the Court deems just and proper.

**COUNT III**
**Breach of Express Warranty to Perform Work in Workmanlike Manner**

41. Defendants repeat and re-allege all prior allegations as if fully set forth herein.

42. In the MSA, Plaintiff expressly warranted that any work shall be completed "in a good and workmanlike manner consistent with prudent industry practices."

43. Core Development performed all material obligations required of it under the MSA and WOA.

44. Plaintiff breached its express warranty and covenant to perform the work in a good and workmanlike manner by, among other things, providing deficient and defective work and failing to remedy the same.

45. The work performed by Plaintiff was defective, deficient, nonconforming, and failed to satisfy the standards, including those expressly required by the MSA.

46. As a direct and proximate result of Plaintiff's breaches, Defendants have incurred damages, including the costs of repair, remediation, replacement, delay damages, and other consequential damages, in an amount to be determined at trial.

## COUNT IV
## Breach of Implied Warranty to Perform Work in a Good and Workmanlike Manner

47. Defendants repeat and re-allege all prior allegations as if fully set forth herein.

48. Under New York law, contracts for construction, repair, and service work carry an implied obligation that such work will be performed in a skillful, careful, diligent, and workmanlike manner consistent with accepted industry standards.

49. Plaintiff owed Core Development a duty to perform its work and services in a good and workmanlike manner.

50. Plaintiff's work was negligently, improperly, and defectively performed and failed to conform to accepted standards within the relevant trade or industry.

51. As a direct and proximate result of Plaintiff's breach of the implied duty and warranty of good workmanship, Defendants sustained damages in an amount to be determined at trial, including costs associated with repair, replacement, remediation, and loss of use.

**COUNT V**
**Willful Exaggeration of Mechanic's Lien**

52. Defendants repeat and re-allege all prior allegations as if fully set forth herein.

53. On or about December 3, 2025, Plaintiff filed a Notice of Mechanic's Lien against the property located at 833 Pulaski Highway, Goshen, New York 10924 asserting a sum of $275,443.16 (the "Lien").

54. The Lien was filed and recorded in the Orange County Clerk's Office under Instrument Number 20250080466.

55. New York law provides that a lien amount can only be for "[t]he labor performed or materials furnished." N.Y. Lien Law § 9(4).

56. The amount claimed in the Lien was knowingly, deliberately, and willfully exaggerated.

57. The Lien sought to lien the entire remaining value of the contract contemplated under the MSA and WOA, not just the work actually performed by Plaintiff.

58. Moreover, the Lien failed to provide the requisite itemization or details as to the work performed.

59. Furthermore, the Lien includes items that are not labor and/or materials.

60. On or around January 12, 2026, Counsel for Core Development served upon Plaintiff a Demand for Itemization Statement of Lien, pursuant to N.Y. Lien Law § 38.

61. On or around February 24, 2026, Counsel for Plaintiff served a Verified Itemization of Mechanic's Lien (the "Itemization").

62. The Itemization is wholly deficient and fails to properly itemize the work performed, the hours of labor expended, and the materials utilized by Plaintiff.

63. The Itemization attempts to increase the amount Plaintiff claims it is owed despite providing no support for such allegation.

64. The Itemization fails to provide requisite details and itemization as to the services performed and materials provided for which the Lien is asserted in violation of N.Y. Lien Law § 38.

65. On or around March 26, 2026, Plaintiff submitted the Declaration of Christopher Caruso, dated March 26, 2026, (the "Declaration"), in an attempt to itemize the work under the Lien.

66. The Declaration includes several items that were not completed, that were completed deficiently, or that do not constitute labor and/or material permitted under the N.Y. Lien Law.

67. By way of example and not limitation, Paragraph 10 of the Declaration identifies the "General Conditions" line item included in the Lien amount encompassing "help, per diem rates, travel costs, hotel costs etc.," which do not constitute "labor performed or materials furnished."

68. The Declaration also identifies Change Order 002 as an item for the Lien.

69. Change Order 002 provided three different options for work, each priced respectively at $17,682.00, $43,478.00, and $89,471.00.

70. Core Development and Plaintiff agreed to only one option, the Third Option for $89,471.00, but the Lien incorrectly and knowingly includes all three for a total of $150,631.00, which willfully overstates the Lien by at least $61,160.

71. New York law further provides that a "lien shall not be for a sum greater than the sum earned and unpaid on the contract at the time of filing the notice of lien." N.Y. Lien Law § 4(1).

72. Plaintiff knew that portions of the claimed amount were disputed, unsupported, previously paid, defective, incomplete, back-charged, offset or otherwise not lienable under New York Lien Law.

73. Upon information and belief, Plaintiff filed the Lien with the intent to improperly inflate its claim, exert economic pressure on Core Development, and obtain leverage unrelated to any legitimately disputed amount.

74. Plaintiff's exaggeration of the Lien was intentional, willful, and made in bad faith within the meaning of N.Y. Lien Law §§ 39, 39-a.

75. As a direct and proximate result of Plaintiff's willful exaggeration of the Lien, Defendants have sustained damages, including but not limited to:

a. Delay damages;

b. Financing-related damages;

c. Harm to property and business interests; and

d. Such additional damages as may be proven at trial.

76. Pursuant to N.Y. Lien Law §§ 39, 39-a, Defendants are entitled to an order declaring the Lien void to the extent of the willful exaggeration and recovering damages resulting therefrom, including but not limited to the amount the lien was overstated, the premium of the bond to discharge the lien, and reasonable attorneys' fees for services in securing the lien's discharge.

**COUNT VI**
**(Declaratory Judgment)**

77. Defendants repeat and re-allege all prior allegations as if fully set forth herein.

78. An actual and justiciable controversy exists between the parties concerning the validity and enforceability of the Lien.

79. The Lien is invalid, defective, exaggerated, and/or otherwise unenforceable under the N.Y. Lien Law §§ 1 et seq. as it, among other things:

a. Includes sums for work not performed;

b. Includes non-lienable items;

c. Seeks amounts in excess of sums earned and unpaid; and/or

d. Contains willful exaggerations within the meaning of N.Y. Lien Law §§ 39, 39-a.

80. Pursuant to 28 U.S.C. §§ 2201, 2202, Defendants are entitled to a declaratory judgment declaring the Lien invalid, unenforceable, and/or willfully exaggerate and that no monies are owed from Defendants to Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully requests that the Court enter judgment in its favor and against Plaintiff as follows:

a. Dismissing Plaintiff's Amended Complaint;

b. Awarding compensatory damages in an amount no less than $264,000.00;

c. Awarding consequential, incidental, and expectation damages as permitted by law;

d. Awarding damages for costs of repair, remediation, replacement, completion, and correction of defective and nonconforming work;

e. Awarding damages associated with delays, loss of use, financing impacts, increased construction costs, and other project-related losses;

f. Awarding damages arising from Defendant's willful exaggeration of the Lien pursuant to N.Y. Lien Law §§ 39, 39-a;

g. Declaring the Lien invalid, void, discharged, reduced, and/or willfully exaggerated;

h. Awarding attorneys' fees, costs, and disbursements to the fullest extent permitted by contract and applicable law;

i. Awarding pre-judgment and post-judgment interest;

j. Granting such other and further relief as the Court deems just and proper.

RIKER DANZIG LLP
Attorneys for Core Development Group, LLC, and Developers Surety and Indemnity Group

Dated: May 29, 2026

By: *_/s/ Derrick R. Freijomil_*
Derrick R. Freijomil, Esq.
Tod S. Chasin, Esq.
489 5th Ave, 33rd Floor
New York, NY 10017
Phone: (973) 538-0800
Fax: (973) 538-1984
dfreijomil@riker.com
tchasin@riker.com

**LOCAL CIVIL RULE 1.6 CERTIFICATION**

I hereby certify that to the best of my knowledge that neither this action or any related action is pending in any jurisdiction.

RIKER DANZIG LLP
Attorneys for Core Development Group, LLC, and Developers Surety and Indemnity Group

By: *_/s/ Derrick R. Freijomil_*
Derrick R. Freijomil, Esq.
489 5th Ave, 33rd Floor
New York, NY 10017

Phone: (973) 538-0800
Fax: (973) 538-1984
dfreijomil@riker.com

Dated: May 29, 2026

4934-0583-6462, v. 7